IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Anthony Cherry,<br><br>              Plaintiff,<br><br>v.<br><br>Centurion of Arizona LLC, et al.,<br><br>              Defendants. | No. CV-20-02156-PHX-DLR (JFM)<br><br>**ORDER** |

      Pending before the Court is the August 18, 2021, Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf. (Doc. 24.) The R&R recommends that this matter be dismissed without prejudice as a sanction for Plaintiff's discovery violations and failure to prosecute the case.

      The Magistrate Judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. (Doc. 24 at 5-6.) Plaintiff filed his "Response to Recommendation and Report" on October 13, 2021. (Doc. 28.) Defendants filed their "Response to Plaintiff's Objection" on October 27, 2021, (Doc. 31) and Plaintiff filed a "Motion for Reconsideration" (Doc. 35) on November 18, 2021. The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

      Plaintiff filed his complaint in this matter on November 11, 2020. On January 25, 2021, the Court issued its order allowing Plaintiff to proceed with this suit, after screening

the complaint as required by statute. Plaintiff served defendants with the complaint, who answered on April 12, 2021. The Court issued an amended discovery order on June 22, 2021, finding that "the parties have been diligent in meeting the deadlines" and that good cause existed to amend the deadlines. The Court set June 28, 2021, for the deadline to serve initial discovery, and July 6, 2021 to complete the discovery planning conference. The Joint Case Management Report filed on July 20, 2021, indicated that Defendants did not receive Plaintiff's portions of the Joint Report. On July 23, 2021, the Court issued an order requiring Plaintiff to show cause why sanction should not be imposed for his failure to comply with the Court's orders and failure to prosecute. The Plaintiff did not respond and on August 18, 2021 the R&R which is the subject of the pending objections, was issued dismissing the case as a sanction.

The sanction of dismissal is the most severe sanction available and must be ordered only after the Court performs the multi-factor test set forth in *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The R&R correctly analyzed the factors. At that time Plaintiff had not participated in the discovery planning conference nor had he responded to the Court's order to show cause. From all appearances the Plaintiff had abandoned his case. Based on the information available at that time, the R&R correctly concluded that the case had been abandoned and its recommendation, at least in part, was based on that finding.

Plaintiff later filed an untimely objection to the R&R, explaining that he did not have the information necessary to properly participate in disclosure, but he did not explain why he did not seek an extension to the disclosure deadline when he realized he could not meet it. Nor did he challenge the *Conn. Gen. Life Ins.* factors. He later filed a motion for reconsideration, which was denied, because no order had been issued that could be reconsidered.

Dismissal without prejudice leaves open the possibility of reopening this matter, provided, of course, that Plaintiff is prepared to prosecute his case. Therefore,

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 28) is

1 | **OVERRULED**.

2 |     **IT IS ORDERED** that the R&R (Doc.24) is **ACCEPTED**.

3 |     **IT IS ORDERED** dismissing this case without prejudice.

4 | The Clerk of the Court shall terminate this case.

5 | Dated this 15th day of December, 2021.

Douglas L. Rayes
United States District Judge